1  MORGAN, LEWIS & BOCKIUS LLP
   MELINDA S. RIECHERT, SBN 065504
2  mriechert@morganlewis.com
   2 Palo Alto Square
3  3000 El Camino Real, Suite 700
   Palo Alto, CA  94306-2122
4  Tel:  650.843.4000; Fax:  650.843.4001

5  ALEXANDER M. CHEMERS, SBN 263726
   achemers@morganlewis.com
6  300 South Grand Avenue, 22nd Floor
   Los Angeles, CA  90071-3132
7  Tel:  213.612.2500; Fax:  213.612.2501

8  Attorneys for Defendant
   NE OPCO, INC. (erroneously sued as The
9  Gores Group, LLC

10

11                UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13  YOLANDA DEVORA, an            Case No. CV11-02382 GW (CWx)
    individual,
14
                                 NOTICE OF REMOVAL
15              Plaintiff,
                                 [28 U.S.C. §§ 1441 AND 1446]
16         v.

17  THE GORES GROUP, LLC, a       Action Filed: February 16, 2011
    Limited Liability Company;
18  NATIONAL ENVELOPE
    CORPORATION-WEST, a
19  California corporation and DOES 1
    to 20, inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

COPY

FILED
CLERK, U.S. DISTRICT COURT

MAR 21 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant NE Opco, Inc. (erroneously sued as "The Gores Group, LLC") ("Defendant") hereby removes the above-captioned action from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California.  In support of this removal, Defendant states the following:

1.  On February 16, 2011, Plaintiff Yolanda Devora ("Plaintiff") filed an unverified complaint in the Superior Court of the State of California in and for the County of Los Angeles, Central District Branch, entitled *Yolanda Devora v. The Gores Group, LLC, et al.*, Case No. BC 454939 (the "Complaint").  The Complaint is attached hereto as Exhibit 1.

2.  Plaintiff alleges that she was employed at National Envelope Corporation's manufacturing facility in the City of Industry, California, from 1996 through November 4, 2010, when her employment allegedly was terminated for unlawful reasons.  Plaintiff's Complaint asserts the following causes of action arising from her termination: (1) disability discrimination, (2) failure to provide reasonable accommodation, (3) failure to engage in the interactive process, (4) violation of the California Family Rights Act, (5) retaliation, (6) failure to prevent harassment, discrimination, and retaliation, and (7) failure to provide accurate itemized statements.  Compl., ¶¶ 14-63.

## I.  TIMELY REMOVAL

3.  NE Opco, Inc.'s removal petition is timely filed within 30 days of service of the Summons and Complaint.  Plaintiff personally served the incorrect entity – The Gores Group, LLC ("Gores Group"), who was not and would not have

1    been Plaintiff's employer – on February 17, 2011.  The other Defendant has not

2    been served.

3           4.      Because this Notice of Removal is filed within thirty days of service of

4    the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

5    **II.    DIVERSITY JURISDICTION EXISTS**

6           5.      This action is one over which this Court has original jurisdiction under

7    28 U.S.C. § 1332(a) and is one which may be removed by NE Opco, Inc. pursuant

8    to 28 U.S.C. § 1441.  This is a civil action that is between citizens of different states

9    and where Plaintiff appears more than likely to claim an amount in controversy that

10   exceeds $75,000, exclusive of interest and costs.

11          **A.    <u>Complete Diversity of Citizenship Exists</u>**

12          6.      Complete diversity exists under 28 U.S.C. § 1332 between Plaintiff

13   and Defendant because Plaintiff and Defendant are citizens of different states.

14   Further, in compliance with 28 U.S.C. § 1441(b), "none of the parties in interest

15   properly joined and served as defendants is a citizen of the State in which [this]

16   action is brought."

17          7.      At the time Plaintiff filed this civil action, Plaintiff was a California

18   citizen.  Compl., ¶ 2.

19          8.      Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a

20   citizen of any state in which it has been incorporated and of any state where it has

21   its principal place of business.

22          9.      For diversity purposes, a corporation is a citizen of the state in which it

23   is incorporated and the state that constitutes its principal place of business.  28

24   U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of

25   determining diversity subject matter jurisdiction under 28 U.S.C. § 1332 refers "to

26   the place where a corporation's officers direct, control, and coordinate the

27   corporation's activities . . . . [I]n practice it should normally be the place where the

28   corporation maintains its headquarters-provided that the headquarters is the actual

1   center of direction, control, and coordination, i.e., the 'nerve center,' and not simply

2   an office where the corporation holds its board meetings[.]" *See Hertz Corp. v.*

3   *Friend*, 130 S.Ct. 1181, 1192 (2010).

4   10.   In September, 2010, NEV Holdings, LLC, an indirect subsidiary of

5   The Gores Group and the parent company of NE Opco, Inc., acquired substantially

6   all of the assets of National Envelope Corporation, its parent company NEC

7   Holdings Corp. and their respective subsidiaries, which were at the time and still

8   are in bankruptcy.  Following that acquisition, the employees who had worked at

9   National Envelope were offered positions with NE Opco, Inc.  At the time, Plaintiff

10   was on a leave of absence from National Envelope. Had Plaintiff accepted the

11   position offered, Plaintiff would have become an employee of NE Opco, Inc.

12   Plaintiff is not, has never been, and would never have been, an employee of the

13   Gores Group by virtue of its indirect subsidiary's acquisition of the assets of

14   National Envelope. Declaration of James Shelby Marlow, ¶ 2.

15   11.   NE Opco, Inc. is, and was at the time of the institution of this civil

16   action, a corporation formed under the laws of the State of Delaware and has its

17   headquarters and its principal place of business in the State of Texas.  Declaration

18   of James Shelby Marlow, ¶ 3.

19   12.   NE Opco, Inc.'s corporate headquarters is located at 3211 Internet

20   Boulevard, Suite 200, Frisco, Texas 75034, and this is where the day-to-day

21   management of the business is exercised.  NE Opco, Inc.'s senior management is

22   primarily located in Frisco, Texas.  For example, all of the following NE Opco, Inc.

23   director level and above positions are performed by people who work in Frisco,

24   Texas:  VP Financial Plan & Analysis; Sr. Director, Sales Operations; VP,

25   Consumer Sales; Regional General Manager; EVP, Operations; VP, Human

26   Resources; VP, Marketing; VP, Pricing & Bus. Development; Director, HR-

27   Benefits; Regional Controller; Operations Controller; VP, Corporate Accounts;

28   Corporate Controller; VP Wholesale Distribution; CFO; VP, Customer Service;

1  Director, Corporate Purchasing; VP of Information Technology; VP, Strategy

2  Sourcing & Logistics; VP, Specialty Product; and VP, General Counsel &

3  Secretary. In addition, NE Opco, Inc. is in the process of hiring a new CEO who

4  will also be based in Texas. Moreover, the majority of the Company's contracts are

5  negotiated from, and signed in, Frisco, Texas. NE Opco, Inc. also has two

6  additional Regional General Managers (one in Ennis, Texas and another in

7  Westfield, Massachusetts). Declaration of James Shelby Marlow, ¶ 4.

8        13.    Based on the aforementioned facts, NE Opco, Inc. is, therefore, a

9  citizen of the State of Delaware and the State of Texas for purposes of determining

10  diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

11        14.    In addition, the joinder of The Gores Group and National Envelope

12  Corporation-West is fraudulent (i.e., they are "sham defendants") such that their

13  presence could not destroy diversity jurisdiction regardless of their citizenship. *See*

14  *McCabe v. General Foods Corp.*, 811 F. 2d 1336, 1339 (9th Cir. 1987). Many

15  courts have compared the fraudulent joinder standard to the standard for judging a

16  motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., TPS Utilicom Serv.,*

17  *Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for

18  fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. American*

19  *Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent

20  joinder standard "is similar to that employed in deciding motions to dismiss under

21  Rule 12(b)(6)").[1] First, as noted above, The Gores Group is not, was not, and

22  would not have become Plaintiff's employer, and Plaintiff sets forth no allegations

23  ────────────
[1] *See also Int'l Ins. Co. v. Red & White Co.*, 1994 WL 706361, at *5 (N.D. Cal.

24  Dec. 14, 1994) ("a court engaging in a fraudulent joinder analysis performs a nearly
   identical function to one ruling on a motion to dismiss under Federal Rule of Civil

25  Procedure 12(b)(6)"); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 983, 995 (D.

26  Nev. 2005) (the fraudulent joinder standard is similar to the 12(b)(6) except that
   courts will not determine unsettled questions of state law).

27

28

that could establish a theory of liability against this company. *See, e.g. Jernigan v. Ashland Oil Inc.*, et al., 989 F. 2d 812, 817 (5th Cir. 1993) (other named corporations that were not statutory employer were improperly joined and, thus, their citizenship was disregarded for purposes of determining diversity jurisdiction); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993). Second, NEC Holding Corporation (on behalf of itself and 28 affiliated entities, including National Envelope Corporation) filed for bankruptcy protection on June 10, 2010, and an automatic stay was issued pursuant to 11 U.S.C. § 362(a). *See* Request for Judicial Notice, Ex. A. Plaintiff, thus, cannot state a cause of action against these entities.

15. Under 28 U.S.C. § 1441(a) the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

16. Thus, complete diversity of citizenship exists.

**B.** **The Amount-In-Controversy Requirement Is Satisfied**

17. Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999); *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 403-04 (9th Cir. 1996).

18. In determining whether the jurisdictional minimum is met, courts consider all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977) (superseded by statute on other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/22324851.3

6

NOTICE OF REMOVAL

1    grounds); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Galt G/S v.*

2    *JSS Scandinavia*, 142 F. 3d 1150, 1155-56 (9th Cir. 1998).

3        19.    Plaintiff does not specifically quantify her damages.  While NE Opco,

4    Inc. denies any liability to Plaintiff, the amount in controversy is determined based

5    on Plaintiff's allegations in the complaint.[2]  Plaintiff's allegations demonstrate that

6    the amount in controversy exceeds $75,000.

7        20.    Plaintiff alleges that she was unlawfully discriminated against and

8    wrongfully terminated and seeks: (1) "lost employment earnings and benefits, past

9    and future" (2) "emotional distress, physical and mental injuries and general

10   damages"; (3) "punitive damages . . . in an amount appropriate to punish and make

11   an example [of Defendants]"; (4) "attorney's fees and costs"; and (5) "[s]uch other

12   and further relief as the Court may deem proper and proper." *See* Compl., ¶¶ 18-21,

13   Prayer for Relief.

14       21.    In addition to her claim for back and front pay, allegations relating to

15   emotional distress and outrageous conduct as in the instant Complaint have been

16   held sufficient to satisfy the amount in controversy requirement.  *See Egan v.*

17   *Premier Scales & Sys.,* 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (where plaintiff

18   sought damages for embarrassment, humiliation, and willful, malicious and

19   outrageous conduct, the court held that the defendant could "easily make the case

20   that the claims are more likely than not to reach the federal amount in controversy

21   requirement").

22

23

24   [2]    *See Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D. Cal.

25   2008) ("In measuring the amount in controversy, a court must assume that the
     allegations of the complaint are true and that a jury will return a verdict for the

26   plaintiff on all claims made in the complaint. The ultimate inquiry is what amount
     is put 'in controversy' by the plaintiff's complaint, not what a defendant will

27   *actually* owe.").

28

22.     In employment actions, juries in California and elsewhere have returned verdicts with substantial awards for punitive and compensatory damages that far exceed $75,000.  *See Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]"); *Freund v. Nycomed Amersham*, 347 F. 3d 752, 756 (9th Cir. 2003) (jury verdict on wrongful termination in violation of public policy claim of $1,150,000 in compensatory damages and $1,150,000 in punitive damages); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F. 3d 373, 376-377 (9th Cir. 1997) (holding that where a complaint does not allege a specific dollar amount, the case is removable if the removing defendant shows by a preponderance of the evidence that the jurisdictional amount is present); *see also Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (holding that Plaintiff's damage claim, including lost wages, medical expenses, emotional distress and attorneys' fees, was enough to put the amount in controversy above $75,000).

## III.   CONSENT TO REMOVAL

23.     As discussed above, the Gores Group and National Envelope Corporation-West have not been properly joined in this action and, therefore, need not consent to removal.  *Emrich v. Touche Ross & Co.,* 846 F. 2d 1190, 1193 &n.1 (9th Cir. 1988) (consent not required by defendants who are "nominal, unknown or fraudulently joined").  In addition, National Envelope Corporation-West need not consent to removal because it has not been properly served.  *Id.* (consent not required by defendants who have not been properly served in the action).

## IV.   THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

24.     On March 18, 2011, NE Opco, Inc. filed an Answer to Plaintiff's unverified Complaint in state court, which is attached hereto as Exhibit 2.

25.    The documents attached as Exhibits 1 and 2 constitute all the process, pleadings, and orders filed in this action in the Superior Court of the State of California in and for the County of Los Angeles of which NE Opco, Inc. is aware.

26.    Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the state court where the removed action has been pending.

27.    NE Opco, Inc. promptly will serve Plaintiff with this Notice of Removal and promptly will file a copy of this Notice of Removal with the clerk of the state court in which the removed action has been pending, pursuant to 28 U.S.C. § 1446(d).

28.    If any question arises as to the propriety of the removal of this action, NE Opco, Inc. requests the opportunity to present a brief and oral argument in support of its position that this case was properly removed.

WHEREFORE, NE Opco, Inc. respectfully requests that this action be removed from the Superior Court of the State of California in and for the County of Los Angeles to the United States District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated:         March 21, 2011              MORGAN, LEWIS & BOCKIUS LLP


                                            By _____
                                               Alexander Chemers
                                               Attorneys for Defendant
                                               NE OPCO, INC.

**EXHIBIT 1**

91746
A6037

1   Donald Potter (SBN 192735)
2   LAW OFFICE OF DONALD POTTER
    776 East Green Street, Suite 210
3   Pasadena, California 91101
    Telephone: 626.744.1555
4   Facsimile: 626.389.0592
    Email: dp@donpotterlaw.com
5

6   Attorneys for Plaintiff
    YOLANDA DEVORA

**FILED**
Superior Court of California
County of Los Angeles

**FEB 1 6 2011**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GINA GRIDER

D20 Kevin C. Brazile

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| YOLANDA DEVORA, an individual,<br><br>        Plaintiff,<br><br>      v.<br><br>THE GORES GROUP, LLC, a Limited Liability Company; NATIONAL ENVELOPE CORPORATION-WEST, a California corporation and DOES 1 to 20, inclusive,<br><br>        Defendants. | CASE NO.:   **BC 454939**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (a)**<br><br>2. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (m) — Failure to Provide Reasonable Accommodation**<br><br>3. **Disability Discrimination in Violation of Cal. Gov. Code § 12940 (n) — Failure to Engage in the Interactive Process**<br><br>4. **California Family Rights Act Violation(s) (Gov. Code § 12945.2)**<br><br>5. **Retaliation in Violation of Cal. Gov. Code §§ 12940 (h) and 12945(l)**<br><br>6. **Failure to Prevent Harassment, Discrimination and Retaliation in Violation of Cal. Gov. Code § 12940 (k)**<br><br>7. **Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226(a)-(g)**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

CIT/CASE: BC454939 LEA/DEFM:
RECEIPT #: CCH507417024
DATE PAID: 02/16/11
PAYMENT: $395.00
RECEIVED: 02:41:25 PM
CHG: $395.00
0310

-1-

COMPLAINT FOR DAMAGES

EXHIBIT 1, PAGE 10

1.     COMES NOW, Plaintiff YOLANDA DEVORA ("Plaintiff"), and brings this action against Defendants THE GORES GROUP, LLC, a Limited Liability Company; NATIONAL ENVELOPE CORPORATION-WEST, a California corporation and DOES 1 to 20, (collectively referred to as "Defendants"), and each of them, and alleges on information and belief, except those allegations relating to Plaintiff herself, which is asserted on personal knowledge, as follows:

**PARTIES TO THE ACTION**

2.     Plaintiff is a resident of the County of Los Angeles, State of California.

3.     Defendant THE GORES GROUP, LLC, is a limited liability company organized under the laws of the State of Delaware.  At all relevant times, THE GORES GROUP, LLC has operated a manufacturing facility in the City of Industry, California using the dba "National Envelope."

4.     Defendant NATIONAL ENVELOPE CORPORATION-WEST is a corporation organized under the laws of the State of California.   At all relevant times, NATIONAL ENVELOPE CORPORATION-WEST operated a manufacturing facility in the City of Industry, California using the dba "National Envelope."

5.     The true names and capacities of Defendants DOES 1 to 20 are unknown to Plaintiff who will amend the complaint to allege such names and capacities as soon as they are ascertained.  Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

**GENERAL FACTUAL ALLEGATIONS**

6.     Defendants and/or DOES 1-20, at all relevant times, employed Plaintiff at its manufacturing facility in the City of Industry, California.  These defendants, and each of them at relevant times, were private companies employing more than fifty employees in California within seventy-five miles of Plaintiff's worksite and were, and are, covered employers under the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA").

7.     Plaintiff was employed by Defendants and/or DOES 1-20, as a laborer at their manufacturing facility in the City of Industry from in or before 1996 until on or about November 4, 2010 when her employment was involuntarily terminated for unlawful reasons.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-2-

8.      During Plaintiff's employment with Defendants and/or DOES 1-20, including in 2010, Plaintiff suffered from a medical condition, Cancer, and physical disabilities including Bell's Palsy which affected one or more of the following body systems (neurologic, immunological, musculoskeletal, special sense organs, respiratory, cardiovascular, reproductive, digestive, genitourinary, hemic and lymphatic, skin and endocrine) and limited Plaintiff's ability to participate in major life activities (collectively referred to herein as the "DISABILITIES). As a result, Plaintiff required medical care and treatment for her DISABILITIES and she needed accommodation including, but not limited to, leave from work.

9.      Defendants and/or DOES 1-20 and its managers, employees and agents, were informed by Plaintiff and her health care providers of Plaintiff's DISABILITIES, her need for medical care and treatment and that Plaintiff needed accommodation including, but not limited to, leave from work.

10.     After learning of Plaintiff's DISABILITIES, her need for medical care and treatment, her need for accommodation and that Plaintiff needed time off from work, Defendants and/or DOES 1-20 and its managers, employees and agents, knowingly and willfully took adverse employment actions against Plaintiff due to her DISABILITIES, her need for accommodation, her need and use of CFRA leave, including, but not limited to, unwarranted criticism, scrutiny, reprimands discipline, failure/refusal to engage in the interactive process or provide reasonable accommodation(s), reduction of hours, changes to schedule and, ultimately, termination of her employment.

11.     Although Plaintiff complained to Defendants and/or DOES 1-20 prior to her termination that she was being subjected to discrimination and/or retaliation due to her DISABILITIES, need for accommodation and/or her need and use of protected leave, they failed to take corrective action to remedy and prevent the discrimination, harassment and/or retaliation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12.     Prior to commencing this civil action, and within the time provided by law, Plaintiff filed an administrative charge with the Department of Fair Employment and Housing ("DFEH") against the Defendants setting forth all FEHA-based claims alleged herein.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-3-

EXHIBIT 1, PAGE 12

13.    Prior to commencing this civil action, and within the time provided by law, Plaintiff requested, and received, a "Right-to-Sue" Letter from the DFEH and she served a copy of that letter and the DFEH charge on the Defendants in compliance with Government Code § 12965(b).

## FIRST CAUSE OF ACTION

### Disability Discrimination in Violation of Cal. Gov. Code § 12940 (a)

### (*Against All Defendants and/or DOES 1-20*)

14.    Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

15.    At all times herein mentioned, the FEHA, Government Code § 12940 et. seq., was in full force and effect and binding on Defendants.  These statutes required Defendants to refrain from discriminating against any employee on the basis of a disability or medical condition.

16.    During Plaintiff's employment with Defendants and/or DOES 1-20, Plaintiff had a physical and/or mental disabilities or medical conditions that were known to the Defendants including, but not limited to, Cancer and Bell 's palsy.  Plaintiff, however, was qualified and able to perform the essential functions of Plaintiff's position either with, or without, reasonable accommodations.

17.    During Plaintiff's employment with Defendants and/or DOES 1-20, through their managers, supervisors, employees, human resources personnel and agents, discriminated against Plaintiff because of Plaintiff's disabilities by subjecting Plaintiff to adverse employment conditions including, but not limited to, unwarranted criticism, scrutiny, reprimands and discipline of Plaintiff, failing to engage in the interactive process, reduction of hours, demotion, failing to reinstate, failing to provide reasonable accommodation(s), and, ultimately, terminating Plaintiff's employment.

18.    As a proximate result of said willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

19.    As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

20.    As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

-4-

COMPLAINT FOR DAMAGES    EXHIBIT 1, PAGE 13

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

21.     Defendants and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SECOND CAUSE OF ACTION

### Disability Discrimination in Violation of Cal. Gov. Code § 12940 (m) —

### Failure to Provide Reasonable Accommodation

### (*Against All Defendants and/or DOES 1-20*)

22.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of the complaint as if fully set forth herein.

23.     At all times herein mentioned, the FEHA, Government Code §12940(m), was in full force and effect and binding on Defendants and/or DOES 1-20.  These statutes required these defendants to provide reasonable accommodation(s) that allow an employee suffering from a known physical or mental disability, to perform the essential functions of her or her job.

24.     During Plaintiff's employment with Defendants and/or DOES 1-20, Plaintiff had FEHA-qualifying physical and/or mental disabilities or conditions that caused work restrictions that required accommodation including, but not limited to, Cancer and Bell 's palsy.

25.     Defendants and/or DOES 1-20 were aware that Plaintiff had qualifying physical and/or mental disabilities or conditions under FEHA that caused work restrictions that required accommodation but they failed to provide reasonable accommodation(s).

26.     As a proximate result of said willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

27.     As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

28.     As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-5-

EXHIBIT 1, PAGE 14

29.     Defendants and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## THIRD CAUSE OF ACTION

### Disability Discrimination in Violation of Cal. Gov. Code § 12940 (n) —

### Failure to Engage in the Interactive Process

### (*Against All Defendants and/or DOES 1-20*)

30.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of the complaint as if fully set forth herein.

31.     At all times herein mentioned, the FEHA, Government Code §12940(n), was in full force and effect and binding on Defendants and/or DOES 1-20.  These statutes required these defendants to engage in an interactive process in assessing an employee's physical or mental disabilities in order to provide a reasonable accommodation.  Government Code §12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability.

32.     During Plaintiff's employment with Defendants and/or DOES 1-20, Plaintiff had FEHA-qualifying physical and/or mental disabilities, or medical condition that caused work restrictions that required accommodation including, but not limited to, Cancer and Bell 's palsy.

33.     Defendants and/or DOES 1-20 were aware that Plaintiff had qualifying physical and/or mental disabilities or conditions under FEHA that caused work restrictions that required accommodation but they failed to provide accommodation(s) and/or engage in the interactive process.

34.     As a proximate result of said willful, knowing and intentional discrimination against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-6-

35. As a proximate result of said discrimination, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

36. As a proximate result of said discrimination, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

37. Defendants and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## FOURTH CAUSE OF ACTION

### Violation of California Family Rights Act (CFRA), Government Code § 12945.2

#### (*Against All Defendants and/or DOES 1-20*)

38. Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of the complaint as if fully set forth herein.

39. At all times relevant hereto Government Code § 12945.2 (CFRA) was in full force and binding on Defendants and/or DOES 1-20 because they employed fifty (50) or more full time or part time employees within a seventy five (75) mile radius of Plaintiff's worksite. Plaintiff was entitled to CFRA benefits because she had been employed for at least twelve (12) months, gave at least 1250 hours of service in the year preceding Plaintiff's CFRA qualifying leave and she had a serious health condition.

40. CFRA requires an employer to grant leave to an employee with a serious health condition and to reinstate the employee to the same or a comparable job upon completion of the leave.

41. On or before November 4, 2010, Plaintiff required a CFRA-qualifying medical leave from work due to Plaintiff's DISABILITIES. Defendants, however, violated CRFA by denying the leave and/or failing to reinstate Plaintiff to the same or a comparable job upon completion of the leave.

42. As a proximate result of said CFRA violation, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-7-

43.    As a proximate result of said CFRA violation, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

44.    Defendants and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of Cal. Gov. Code §§ 12940 (h) and 12945(l)

### (Against All Defendants and/or DOES 1-20)

45.    Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of the complaint as if fully stated herein.

46.    At all times herein mentioned, FEHA and Government Code §§ 12940 (h) and 12945.2(l), were in full force and effect and binding on Defendants and/or DOES 1-20. These statutes require these defendants to refrain from retaliating against any employee for asserting their rights under the FEHA and the CFRA. Plaintiff engaged in the protected activity of requesting a reasonable accommodation for Plaintiff's disabilities pursuant to Government Code § 12940 (m), and by requesting and/or using CFRA leave. Defendants retaliated against Plaintiff, in part, by refusing to provide any accommodation, by failing to engage in a good faith interactive process, by subjecting Plaintiff to adverse employment conditions including, but not limited to, unwarranted criticism, scrutiny, reprimands and discipline of Plaintiff, reduction of hours, demotion, failing to engage in the interactive process, failing to provide reasonable accommodation(s), and, ultimately, terminating Plaintiff's employment.

47.    During Plaintiff's employment, Defendants directly and through their supervisors, human resources personnel and agents retaliated against Plaintiff as a result of Plaintiff exercising her or her rights under FEHA and CFRA including, but not limited to, requesting a reasonable accommodation for her or her disabilities, and/or requesting and/or taking CFRA leave.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-8-

48. As a proximate result of Defendants' willful, knowing and intentional retaliation against Plaintiff, Plaintiff has lost employment earnings and benefits, past and future, according to proof.

49. As a proximate result of said retaliation, Plaintiff has suffered emotional distress, physical and mental injuries and general damages, past and future, in a sum according to proof.

50. As a proximate result of said retaliation, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

51. Defendants and/or DOES 1-20, and each of them, have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of them.

## SIXTH CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination and Retaliation

### in Violation of Government Code § 12940 (k)

### (*Against All Defendants and/or DOES 1-20*)

52. Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of the complaint as if fully set forth herein.

53. At all times herein mentioned, Government Code §12940 (k), was in full force and effect and binding on the Defendants and/or DOES 1-20. The statute required these defendants to take all reasonable steps necessary to prevent unlawful discrimination, harassment and retaliation from occurring.

54. During Plaintiff's employment with Defendants and/or DOES 1-20, Plaintiff engaged in the protected activity of opposing, protesting and/or complaining of unlawful harassment, discrimination and/or retaliation but the Defendants and/or DOES 1-20, through their supervisors, personnel and agents, failed to take all reasonable steps to prevent further discrimination, harassment and/or retaliation from occurring.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-9-

55.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff has sustained and continues to sustain substantial losses in earnings and other employment benefits.

56.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff has suffered and continues to suffer general damages in a sum according to proof.

57.     As a proximate result of Defendants' failure to prevent harassment, discrimination and retaliation, Plaintiff has incurred, and will continue to incur, attorney's fees and costs.

58.     Defendants have committed the acts herein alleged maliciously and oppressively, with the wrongful intention of injuring Plaintiff, with an improper and intentional motive amounting to malice and in conscious disregard of Plaintiff's rights. Accordingly, Plaintiff requests the assessment of punitive damages against Defendants, and each of them, in an amount appropriate to punish and make an example of each.

## SEVENTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226
### *(Against All Defendants and/or DOES 1-20)*

59.     Plaintiff hereby incorporates by reference and realleges all preceding paragraphs of this complaint as if fully set forth herein.

60.     Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5)

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-10-

net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

61.    Defendants failed to comply with these requirements as they failed to accurately record the name and address of the legal entity that is the employer and all applicable hourly rates in effect during the pay period.

62.    Plaintiff was injured by these failures because, among other things, she was not able to identify the name and address of her employer and she was not able to readily determine the accuracy of wages owed to her.

63.    As a proximate result of Defendants' conduct as alleged herein, Plaintiff requests recovery of Labor Code §226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to Labor Code §226(e), in a sum as provided by the Labor Code and/or other statutes.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants jointly and severally as follows:

1.    For nominal damages;

2.    For compensatory damages;

3.    For punitive damages;

4.    For interest, costs of suit and attorney's fees.

5.    Such other and further relief as the Court may deem proper and just.

-11-

DATE:  February 16, 2011                    LAW OFFICE OF DONALD POTTER


By: _____
       Donald Potter
       Attorney for Plaintiff,
       YOLANDA DEVORA

COMPLAINT FOR DAMAGES          EXHIBIT 1, PAGE 21

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all matters triable to a jury.

DATE: February 16, 2011                    LAW OFFICE OF DONALD POTTER

By: _____
Donald Potter
Attorney for Plaintiff,
YOLANDA DEVORA

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-13-

COMPLAINT FOR DAMAGES

EXHIBIT 1, PAGE 22

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donald Potter (SBN 192735)<br>Law Office of Donald Potter<br>776 East Green Street, Suite 210<br>Pasadena, CA 91101<br>TELEPHONE NO: 626.744.1555   FAX NO: 626.389.0592<br>ATTORNEY FOR *(Name):* Plaintiff Yolanda Devora | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**FEB 16 2011**<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>GINA GRIDER |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Yolanda Devora v. The Gores Group, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 454939** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [✓] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence         f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify):* 7
5. This case [ ] is  [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2011
Donald Potter
_____
(TYPE OR PRINT NAME)                                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 1, PAGE 23

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

EXHIBIT 1, PAGE 24

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Devora v. The Gores Group, LLC | BC 454939 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7-10   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

EXHIBIT 1, PAGE 25

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Devora v. The Gores Group, LLC | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151   Writ - Administrative Mandamus<br>☐ A6152   Writ - Mandamus on Limited Court Case Matter<br>☐ A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141   Sister State Judgment<br>☐ A6160   Abstract of Judgment<br>☐ A6107   Confession of Judgment (non-domestic relations)<br>☐ A6140   Administrative Agency Award (not unpaid taxes)<br>☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030   Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121   Civil Harassment<br>☐ A6123   Workplace Harassment<br>☐ A6124   Elder/Dependent Adult Abuse Case<br>☐ A6190   Election Contest<br>☐ A6110   Petition for Change of Name<br>☐ A6170   Petition for Relief from Late Claim Law<br>☐ A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | LASC, rule 2.0<br>Page 3 of 4 |
|---|---|---|

EXHIBIT 1, PAGE 27

| SHORT TITLE:<br>Devora v. The Gores Group, LLC | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | ADDRESS:<br>705 North Baldwin Park Blvd.<br><br>City of Industry, CA |
|---|---|---|
| CITY:<br>City of Industry | STATE:<br>CA    ZIP CODE:<br>91746 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: February 16, 2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| **PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO<br>PROPERLY COMMENCE YOUR NEW COURT CASE:** |
|---|

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

EXHIBIT 1, PAGE 28

**EXHIBIT 2**

| | |
|---|---|
| 1 | MORGAN, LEWIS & BOCKIUS LLP<br>MELINDA S. RIECHERT, State Bar No. 065504 |
| 2 | 2 Palo Alto Square |
| 3 | 3000 El Camino Real, Suite 700<br>Palo Alto, CA 94306-2122 |
| | Tel: 650.843.4000; Fax: 650.843.4001 |
| 4 | |
| 5 | ALEXANDER M. CHEMERS, State Bar No. 263726<br>300 South Grand Avenue, 22nd Floor |
| | Los Angeles, CA 90071-3132 |
| 6 | Tel: 213.612.2500; Fax: 213.612.2501 |
| 7 | Attorneys for Defendant |
| 8 | NE OPCO INC. |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAR 18 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A.E. LaFLEUR-CLAYTON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| YOLANDA DEVORA, an individual, | Case No. BC 454939 |
| Plaintiff, | **DEFENDANT NE OPCO INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| THE GORES GROUP, LLC, a Limited Liability Company; NATIONAL ENVELOPE CORPORATION-WEST, a California corporation and DOES 1 to 20, inclusive, | Action Filed:   February 16, 2011 |
| Defendant. | |

DB2/22325882.1

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## GENERAL DENIAL

Defendant NE Opco Inc. (incorrectly sued as The Gores Group, LLC) ("Defendant"), by and through its undersigned counsel, hereby responds to the unverified complaint ("Complaint") of Plaintiff Yolanda Devora ("Plaintiff") by denying generally each and every allegation contained therein, pursuant to California Code of Civil Procedure Section 431.30(d).

## AFFIRMATIVE DEFENSES

Defendant also asserts the following affirmative defenses, without admitting any burden of proof at trial:

### FIRST AFFIRMATE DEFENSE
### (Failure to State a Cause of Action)

1.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action for which relief can be granted.

### SECOND AFFIRMATE DEFENSE
### (No Employment Relationship)

2.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff is barred from any recovery from Defendant in this action because Defendant is not Plaintiff's employer.

### THIRD AFFIRMATE DEFENSE
### (Statutes of Limitations)

3.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, California Government Code Section 12965(b) and Code of Civil Procedures Section 335 *et seq.*

///

///

///

///

EXHIBIT 2, PAGE 30

### FOURTH AFFIRMATE DEFENSE
#### (Failure to Exhaust Available Remedies)

4.      As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust her administrative remedies.

### FIFTH AFFIRMATE DEFENSE
#### (Exceeds Scope of Administrative Charges)

5.      As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff's claims are barred in whole or in part to the extent they exceed the scope of any administrative charges she may have filed.

### SIXTH AFFIRMATE DEFENSE
#### (Undue Hardship/Requested Accommodation Unreasonable)

6.      As a separate defense to Plaintiff's Complaint, Defendant alleges that the disability accommodation(s) that Plaintiff sought, if any, were not reasonable or would have imposed an undue hardship on Defendant.

### SEVENTH AFFIRMATE DEFENSE
#### (Defendant Engaged In Interactive Process)

7.      As a separate defense to Plaintiff's Complaint, Defendant alleges that, to the extent Plaintiff made a request that would trigger an obligation for Defendant to engage in the interactive process with Plaintiff, Defendant properly discharged any such obligation.

### EIGHTH AFFIRMATE DEFENSE
#### (Plaintiff Failed To Engage In Interactive Process)

8.      As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff failed to engage in good faith in the interactive process with Defendant.

### NINTH AFFIRMATE DEFENSE
#### (Health or Safety Risk)

9.      As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff was not able to perform her essential job duties without endangering the health and safety of herself or others.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/22325882.1                                    3

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## TENTH AFFIRMATE DEFENSE
### (Inability to Perform Essential Job Duties)

10.     As a separate defense to Plaintiff's Complaint, Defendant alleges that Plaintiff was not able to perform her essential job duties even with reasonable accommodation.

## ELEVENTH AFFIRMATE DEFENSE
### (Legitimate Business Purpose)

11.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions with respect to Plaintiff's employment were made by Defendant solely for legitimate, non-discriminatory, business-related reasons and were reasonably based upon the facts as Defendant understood them.

## TWELFTH AFFIRMATE DEFENSE
### (Prevention of Discriminatory Behavior)

12.     As a separate defense to Plaintiff's Complaint, and each cause of action contained therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because, at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any allegesd unlawful conduct, that Plaintiff unreasonably failed to take advantage of the preventative and corrective opportunities provided or otherwise to avoid harm, and that reasonable use of Defendant's internal procedures and remedies would have prevented some, if not all, of Plaintiff's claimed damages from occurring.

## THIRTEENTH AFFIRMATE DEFENSE
### (Lack of Ill Will and Bad Faith)

13.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that at no time during the relevant time period in the Complaint did it act purposefully, knowingly, deliberately, maliciously, oppressively, intentionally, willfully, wantonly, or with any bad faith with respect to Plaintiff.

///

///

## FOURTEENTH AFFIRMATE DEFENSE
### (After-Acquired Evidence)

14.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that, to the extent during the course of this litigation Defendant acquire any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as provided by law.

## FIFTEENTH AFFIRMATE DEFENSE
### (Mixed Motive)

15.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that, to the extent discrimination was a motivating factor in the employment decisions affecting Plaintiff's employment (which Defendant denies), legitimate reasons (standing alone) would have induced Defendant to make the same employment decisions.

## SIXTEENTH AFFIRMATE DEFENSE
### (Good Faith)

16.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Defendant has made a good faith effort to comply with all applicable laws, and, at all relevant times, has acted reasonably, in good faith and without malice based on all relevant information, facts and circumstances known to Defendant at the time of its actions.

## SEVENTEENTH AFFIRMATE DEFENSE
### (Privilege and/or Justification)

17.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant's actions and omissions were privileged and/or justified.

///

///

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 2, PAGE 33

### EIGHTEENTH AFFIRMATE DEFENSE
#### (Excuse)

18.    As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff's claims are barred in whole or in part because Defendant's actions and/or omissions were excused.

### NINETEENTH AFFIRMATE DEFENSE
#### (Waiver)

19.    As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff has waived each and every cause of action contained in her Complaint.

### TWENTIETH AFFIRMATE DEFENSE
#### (Estoppel)

20.    As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff, by her own misconduct, is estopped from maintaining her action, or recovering anything from Defendant.

### TWENTY-FIRST AFFIRMATE DEFENSE
#### (Unclean Hands)

21.    As a separate defense to Plaintiff's Complaint, and to each and every cause of action contained therein, Defendant alleges that Plaintiff is barred from any recovery in this action because the injuries suffered by Plaintiff, if any, are the result of her own unclean hands.

### TWENTY-SECOND AFFIRMATE DEFENSE
#### (Failure to Mitigate)

22.    As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that, if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages to the extent that Plaintiff has failed to properly mitigate those damages.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2.22325882.1

6

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

EXHIBIT 2, PAGE 34

### TWENTY-THIRD AFFIRMATE DEFENSE
#### (Avoidable Consequences)

23. As a separate defense to Plaintiff's Complaint, Plaintiff's claims are barred, in whole or in part, because at all relevant times, Defendant took reasonable steps to prevent and correct workplace discrimination, harassment or retaliation. Plaintiff unreasonably failed to use the preventative and corrective measures that Defendant provided, and the reasonable use of these measures would have avoided any damages allegedly suffered by Plaintiff.

### TWENTY-FOURTH AFFIRMATE DEFENSE
#### (Exclusive Remedy)

24. As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that, if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages is governed by the California Workers' Compensation statutes, including but not limited to California Labor Code Section 3200 *et seq.*

### TWENTY-FIFTH AFFIRMATE DEFENSE
#### (Punitive Damages Not Available)

25. As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action upon which punitive damages may be sought pursuant to Civil Code Section 3294 or on any other basis.

### TWENTY-SIXTH AFFIRMATE DEFENSE
#### (Constitutional Limit on Punitive Damages)

26. As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that Plaintiff's claims for punitive damages, penalties, or for any form of damage other than compensatory damages, are barred by the Contract Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fifth Amendment, Fourteenth Amendment, Section 1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution and the corresponding provisions of the California Constitution.

## TWENTY-SEVENTH AFFIRMATE DEFENSE
### (Offset)

27.     As a separate defense to Plaintiff's Complaint, and to each and every cause of action therein, Defendant alleges that if Plaintiff has sustained any damages, which are specifically denied, Defendant are entitled to offset all amounts received by Plaintiff since the termination of her employment against any lost income sought by Plaintiff as damages in this action.

## TWENTY-EIGHTH AFFIRMATE DEFENSE
### (Additional Affirmative Defenses

28.     Defendant presently has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserve the right to assert additional defenses if discovery indicates that such additional affirmative defenses would be appropriate.

## PRAYER

WHEREFORE, Defendant pray for judgment as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded the costs of suit herein incurred;

4.     That Defendant be awarded its attorneys' fees according to proof; and

5.     That the Court award Defendant such other and further relief as the Court may deem proper.

Dated: March 18, 2011

MORGAN, LEWIS & BOCKIUS LLP

By _Alexander Chemers_
Alexander Chemers
Attorneys for Defendant
NE OPCO INC.

MORGAN, LEWIS &
BOCKIUS LLP

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On March 18, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT NE OPCO INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Donald Potter, Esq
**LAW OFFICES OF DONALD POTTER**
776 East Green Street, Suite 210
Pasadena, CA 91101
(626) 744-1555

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on March 18, 2011, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_Adriana Reyes_
Adriana Reyes

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/22325882.1

EXHIBIT 2, PAGE 37

# PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On March 21, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**NOTICE OF REMOVAL**

in a sealed envelope, postage fully paid, addressed as follows:

Donald Potter, Esq
**LAW OFFICES OF DONALD POTTER**
776 East Green Street, Suite 210
Pasadena, CA 91101
(626) 744-1555

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on March 21, 2011, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____
Debi Tinsley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22324851.3

PROOF OF SERVICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 2382 GW (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| YOLANDA DEVORA | THE GORES GROUP, LLC, a Limited Liability Company; NATIONAL ENVELOPE CORPORATION-WEST, a California corporation and DOES 1 to 20, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| | MELINDA S. RIECHERT (SBN 065504) MORGAN, LEWIS & BOCKIUS LLP 3000 El Camino Real, Suite 700 Palo Alto, CA  94306-2122 Attorneys for NE OPCO, Inc. (erroneously sued as The Gores Group, LLC) |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☒ **MONEY DEMANDED IN COMPLAINT: $** Exceeds $75,000

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

Diversity jurisdiction pursuant to 28 U.S.C. Section 1332 over claims for disability discrimination, failure to accommodate and interact, CFRA violation, retaliation, failure to prevent, and failure to provide statements.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number:   CV11-02382

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [ X ] No [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ X ] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

                          [ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

                          [ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                          [ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

   [ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

   [ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Alexander Cremers/88_     Date March 21, 2011

     Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California 90071-3132. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.

On March 21, 2011, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**CIVIL COVER SHEET**

in a sealed envelope, postage fully paid, addressed as follows:

Donald Potter, Esq
**LAW OFFICES OF DONALD POTTER**
776 East Green Street, Suite 210
Pasadena, CA 91101
(626) 744-1555

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

Executed on March 21, 2011, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.


_____
Debi Tinsley

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/22324851.2

PROOF OF SERVICE